JUDGE LEON SCHYDLOWER

FILED

AUG 10 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS – EL PASO DIVISION

CHARLES B. WURM,

Plaintiff,

v.

RTX CORPORATION (formerly Raytheon Technologies Corporation);

RAYTHEON COMPANY;

RAYTHEON SOUTHEAST ASIA SYSTEMS COMPANY (RAYSEAS),

Defendants.

EP26CV2087

Civil Action No.: _____

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

JURY TRIAL DEMANDED

---

PRELIMINARY STATEMENT

1. Plaintiff Charles B. Wurm brings this civil action against Defendants RTX Corporation, Raytheon Company, and Raytheon Southeast Asia Systems Company (RAYSEAS) to redress unlawful retaliation, disability discrimination, wrongful termination, post-employment retaliation, interference with federal benefits, and deliberate spoliation of evidence in violation of Title VII, the Americans with Disabilities Act (ADA), and the False Claims Act (FCA).

2. Plaintiff engaged in protected activities including filing discrimination complaints, requesting ADA accommodations, reporting OSHA safety violations, reporting potential fraud against the U.S. Government, and filing claims under the Defense Base Act (DBA). Defendants responded with escalating retaliation culminating in wrongful termination and continued post-employment retaliation.

3. Defendants further engaged in deliberate spoliation of evidence, including destruction of personnel records, medical records, OSHA records, DBA documentation, and federal contract compliance records, despite knowing litigation was pending or reasonably anticipated.

---

SECTION I – JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117(a), and 31 U.S.C. § 3732(a).

2. Venue is proper in the Western District of Texas, El Paso Division under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because:• Plaintiff resides in El Paso, Texas;

• Plaintiff's post-employment retaliation occurred in El Paso;

• Plaintiff's EEOC Charge No. 453-2026-01141 was processed in El Paso;

• The harm from Defendants' actions was felt in this District.

3. Plaintiff timely exhausted administrative remedies. The EEOC issued a Right-to-Sue on May 20, 2026.

---

SECTION II – PARTIES

Plaintiff

1. Plaintiff Charles B. Wurm is a U.S. citizen residing in El Paso, Texas. Plaintiff was employed by Raytheon/RTX while assigned overseas in Taisan, Taiwan on a U.S. Government Foreign Military Sales (FMS) Patriot Program.

2. Under 42 U.S.C. § 2000e-1(c) and 42 U.S.C. § 12111(4), Plaintiff remained fully protected by Title VII and the ADA while working abroad for a U.S. employer.

---

Defendant 1 – RTX Corporation

1. RTX Corporation is a Delaware corporation with its principal place of business in Arlington, Virginia. RTX conducts substantial business in Texas, including operations at:

7201 Montana Ave, Building 1

El Paso, Texas 79925

RTX employed Plaintiff within the meaning of Title VII and the ADA.

---

Defendant 2 – Raytheon Company

1. Raytheon Company is a Delaware corporation and a wholly owned subsidiary of RTX Corporation. Raytheon operated the Patriot Program to which Plaintiff was assigned.

---

Defendant 3 – Raytheon Southeast Asia Systems Company (RAYSEAS)

1. RAYSEAS is a Delaware corporation with headquarters at:

50 Apple Hill Drive

Tewksbury, MA 01876

RAYSEAS administered Raytheon's Taiwan Patriot Program and was jointly responsible for Plaintiff's employment conditions.

---

SECTION III – FACTUAL ALLEGATIONS

A. Background

1. Plaintiff was hired by Raytheon on October 28, 2009 as a Sr. Technical Support Engineer II supporting the Patriot missile system.

2. Plaintiff was assigned to the Patriot Lot 7 Program in Taisan, Taiwan, a restricted-access U.S. Government and host-nation military installation. No public commercial address exists for this location.

3. Plaintiff consistently performed his duties satisfactorily and received positive evaluations until engaging in protected activity.

4. Plaintiff suffers from documented disabilities including PTSD, anxiety, panic attacks, physical injuries, and electromagnetic hypersensitivity, substantially limiting major life activities.

---

B. Protected Activity

1. Plaintiff engaged in protected activity including:

• Filing discrimination complaints

• Requesting ADA accommodations

• Reporting OSHA safety violations

• Reporting potential fraud under the FCA

• Filing DBA claims

• Cooperating with federal investigations

Defendants were fully aware of these activities.

---

C. Retaliatory Conduct

1. After Plaintiff's protected activity, Defendants retaliated by:

• Issuing a fraudulent performance review

• Reducing hours, pay, and responsibilities

• Removing Plaintiff from the Taiwan assignment

• Creating a hostile work environment

• Refusing ADA accommodations

• Wrongfully terminating Plaintiff on January 29, 2025


---

D. Post-Employment Retaliation (Occurred in El Paso)

1. After termination, Defendants continued retaliation while Plaintiff resided in El Paso, including:

• Providing false references

• Interfering with unemployment, SSDI, and DBA benefits

• Falsely reporting wages to the DOL and SSA

• Coding Plaintiff "ineligible for rehire"

• Interfering with prospective employment

• Disclosing confidential separation information to a U.S. Government customer

---

E. Spoliation of Evidence

1. Defendants destroyed or withheld:

• Personnel records

• ADA accommodation records

• DBA medical records

• OSHA logs

• Federal contract compliance documents

• Emails, messages, and electronic data

This occurred after Defendants knew litigation was pending.

---

SECTION IV – CAUSES OF ACTION

COUNT 1 – Disability Discrimination (ADA)

(42 U.S.C. § 12112)

1. Defendants discriminated against Plaintiff because of his disabilities by failing to accommodate, altering job duties, and terminating him.

---

COUNT 2 – Retaliation (ADA)

(42 U.S.C. § 12203)

1. Defendants retaliated against Plaintiff for requesting accommodations and asserting ADA rights.

---

COUNT 3 – Retaliation (Title VII)

(42 U.S.C. § 2000e-3)

1. Plaintiff engaged in protected activity and Defendants retaliated through adverse actions and termination.

---

COUNT 4 – Wrongful Termination (ADA & Title VII)

1. Plaintiff was terminated because of protected activity and disability.

---

COUNT 5 – Post-Employment Retaliation

(Robinson v. Shell Oil Co., 519 U.S. 337 (1997))

1. Defendants retaliated after termination by interfering with benefits, employment prospects, and government proceedings.

---

COUNT 6 – Interference with Federal Rights

(ADA, Title VII, FCA)

1. Defendants interfered with Plaintiff's ability to pursue federal claims and benefits.

---

COUNT 7 – Spoliation of Evidence

(Fed. R. Civ. P. 37(e); Court's inherent authority)

1. Defendants willfully destroyed evidence relevant to Plaintiff's claims.

---

SECTION V – PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in his favor and award:

1. Compensatory damages for emotional distress, mental anguish, and reputational harm;

2. Back pay and front pay;

3. Lost benefits, including retirement, medical, and DBA benefits;

4. Punitive damages where permitted;

5. Statutory damages under the ADA, Title VII, and FCA;

6. Sanctions for spoliation of evidence;

7. Injunctive relief, including correction of personnel records;

8. Attorney's fees and costs (if later represented);

9. Any further relief the Court deems just and proper.

---

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---


SIGNATURE


Respectfully submitted,

Charles B. Wurm

12120 Nesreen Dr.

El Paso, TX 79934

Phone: (915) 706-8273

Email: CharlesWurm @ gmail .com

Plaintiff, Pro Se

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**El Paso Area Office**
100 N. Stanton Street, Suite 600
El Paso, TX 79901
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/20/2026

**To:** Charles B. Wurm
12120 Nesreen Dr.
El Paso, TX 79934
Charge No: 453-2026-01141

EEOC Representative and email:    TANIA REYES
INVESTIGATOR
TANIA.REYES@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 453-2026-01141.

On behalf of the Commission,

Digitally Signed By:Elizabeth Porras
05/20/2026
Elizabeth Porras
Area Office Director

Cc: Stacy Chapman
1000 Wilson Blvd.
ARLINGTON, VA 22209

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at
https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 453-2026-01141 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 453-2026-01141 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.